UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
                                                                        :
UNI-WORLD CAPITAL L.P., UNI-WORLD CAPITAL             :
AIV, L.P, FRAGRANCE HOLDINGS, LLC, and                :          13 Civ. 7204 (PAE)
FRAGRANCE ACQUISITIONS, LLC,                          :
                                                                        :          OPINION & ORDER
                                    Plaintiffs,                      :
                                                                        :
                                                                        :
                      -v-                                            :
                                                                        :
                                                                        :
PREFERRED FRAGRANCE, INC., HARRY                     :
POLATSEK, EZRIEL POLATSEK, SARAH                     :
POLATSEK, SOLOMON TYRNAUER,                          :
BENT PHILIPSON, BENJAMIN LANDA,                      :
and JOSEPH RUBINSTEIN,                               :
                                                                        :
                                    Defendants.                   :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    This lawsuit, like so many, arises from a business deal gone bad.  The pending motion,

however, does not concern issues of liability or damages, but rather, whether this Court should

abstain from exercising jurisdiction in favor of a related case filed a month earlier in New York

State Supreme Court in Brooklyn (the "Brooklyn Action").  In the case here, the entities that

bought Preferred Fragrance, Inc. ("Preferred Fragrance") sue Preferred Fragrance, two of its

former officers, and its shareholders who signed the Asset Purchase Agreement that governed the

transaction.  In the Brooklyn Action, Preferred Fragrance and a former officer sue two plaintiffs

here.  Defendants here ask that this action be stayed or dismissed in favor of the Brooklyn

Action.  For the reasons that follow, that motion is denied.  This Court will continue to exercise

jurisdiction over this case.

## I.      Background[1]

In late 2010, an investment bank introduced Uni-World Capital, L.P. ("Uni-World") to

Preferred Fragrance, which sold "designer-inspired fragrance products" to retail chain stores

such as Family Dollar and CVS.  Am. Compl. ¶ 19.  Uni-World began considering whether to

buy Preferred Fragrance.  During 2011, Uni-World performed due diligence on and negotiated

with Preferred Fragrance, its chief executive officer (Ezriel Polatsek), and its chief financial

officer (Harry Polatsek).  *Id.* ¶¶ 19–26.  In anticipation of purchasing Preferred Fragrance, Uni-

World created two entities:  Fragrance Acquisitions, LLC ("Fragrance Acquisitions"), which

would take over Preferred Fragrance's operations, and Fragrance Holdings, LLC ("Fragrance

Holdings"), Fragrance Acquisitions' parent (together, the "Fragrance Entities").  *Id.* ¶ 27.

On October 12, 2011, the Fragrance Entities purchased the assets and business of

Preferred Fragrance pursuant to an Asset Purchase Agreement ("APA") with Preferred Fragrance

and its stockholders, Ezriel Polatsek, Sara Polatsek, Solomon Tyrnauer, Bent Philipson, Joseph

Rubenstein, and Benjamin Landa.  *Id.* ¶ 28.  As part of the transaction, Uni-World acquired

equity in Fragrance Holdings, which in turn acquired equity in Fragrance Acquisitions.  *Id.* ¶ 31.

Also as part of the transaction, Ezriel Polatsek entered into an employment agreement, by which

he became Fragrance Acquisitions' president and chief operating officer (COO).  *Id.* ¶ 79.  The

employment agreement also included a non-compete clause.  *Id.* ¶ 85.

At some later point, the Fragrance Entities concluded that the sellers, during the

negotiations, had failed to disclose certain information that would have materially affected the

purchasers' interest in, or the purchase price they would have paid for, Preferred Fragrance.  *Id.*

¶¶ 39–78.  The Fragrance Entities also concluded that Ezriel Polatsek was engaging in

---

[1] The Court's account of the underlying facts is drawn from the Amended Complaint, Dkt. 32
("Am. Compl."), and other documents as specified.

misconduct and breaching his duties as COO, and confronted him about certain alleged misconduct. *Id.* ¶¶ 86–110.

On April 8, 2013, the Fragrance Acquisitions sent most of the defendants here—Preferred Fragrance, Ezriel Polatsek, and the Preferred Fragrance stockholders who signed the APA—a letter stating that it would seek indemnification for lost profits against them under the APA as a result of their alleged omissions in connection with Preferred Fragrance's sale. Dkt. 39 ("Dockwell Decl.") Ex. D; Am. Compl. ¶¶ 111–12. Fragrance Acquisitions and defendants then had multiple settlement discussions. Am. Compl. ¶ 114. On or around September 10, 2013, after these discussions reached an impasse, counsel for Fragrance Acquisitions told defendants' counsel that the Fragrance Entities would be "moving toward litigation." *Id.*

Before such litigation was filed, however, on September 13, 2013, Preferred Fragrance and Ezriel Polatsek filed the Brooklyn Action in New York Supreme Court in Kings County. The case, captioned *Preferred Fragrance, Inc., et al. v. Fragrance Acquisitions, LLC, et al.*, Index No. 505426/2013, seeks two declaratory judgments: that (1) Preferred Fragrance and Ezriel Polatsek did not breach the APA and thus are not obliged to indemnify the Fragrance Entities for lost profits, and (2) Ezriel Polatsek's non-compete clause is void and unenforceable. *See* Am. Compl. ¶¶ 116–17.

On October 10, 2013, Fragrance Acquisitions terminated Ezriel Polatsek's employment, stating that the termination was for cause pursuant to the employment agreement. *Id.* ¶ 118.

On October 11, 2013, plaintiffs here—Uni-World, Uni-World Capital AIV L.P., Fragrance Holdings, and Fragrance Acquisitions—filed the original Complaint in this action. Dkt. 1. It alleged one claim under federal law, specifically, a violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (the "10b-5 claim"). It

also brought state-law claims for common law fraud and breach of contract; sought declaratory

judgments that the termination of Ezriel Polatsek's employment had been for cause and that the

non-complete clause is valid and enforceable; and sought attorneys' fees.

On October 25, 2013, the Fragrance Entities moved, in State Supreme Court, before the

Hon. Carolyn E. Demarest, to dismiss or stay the Brooklyn Action in favor of this one.  *See* Dkt.

43 ("Pl. Br.") at 7.  On December 17, 2013, defendants here moved to stay or dismiss this action

in favor of the Brooklyn Action, Dkts. 23, 27, arguing that this Court should abstain from

hearing this case under *Colorado River Water Conservation District v. United States*, 424 U.S.

800 (1976).  Defendants also argued that plaintiffs' sole federal claim, under Rule 10b-5, was

deficiently pled, because it did not allege that defendants "used the mails or other

instrumentalities of interstate commerce to commit the alleged fraud."  Dkt. 24 at 21.

On January 7, 2014, plaintiffs filed the Amended Complaint, which attempted to cure the

asserted defect in the 10b-5 claim.  *See* Am. Compl. ¶ 130.

On January 8, 2014, Justice Demarest heard argument on the motion to dismiss or stay

the Brooklyn Action.  Pl. Br. 8.  Justice Demarest declined to rule at that time; she instead stayed

discovery and scheduled a next conference, pending this Court's decision on the instant motions.

*Id.*

On January 24, 2014, the defendants here again moved to stay or dismiss this action, in

favor of the Brooklyn Action, under *Colorado River*, Dkts. 34, 37, and filed supporting

memoranda of law, Dkt. 35 ("Polatsek Br."), Dkt. 38 ("Landa Br.").  This time, however,

defendants did not move to dismiss the 10b-5 claim, or assert that that claim was improperly

pled.[2]  On February 14, 2014, plaintiffs filed an opposition.  Pl. Br.  On February 21, 2014,

defendants replied.  Dkt. 47 ("Polatsek Reply Br."), Dkt. 49 ("Landa Reply Br.").  On February

26, 2014, the Court heard argument.  Dkt. 56 ("Tr.").  At the close of argument, the Court

announced that it would not abstain from exercising jurisdiction.  The Court briefly set out its

reasons for that ruling and stated that a decision—this decision—would follow shortly, setting

out the Court's reasoning in detail.

## II.    Discussion

Defendants ask this Court, in deference to the Brooklyn Action filed approximately one

month earlier than this one, to abstain from exercising jurisdiction, by either dismissing the case

outright or staying proceedings pending the outcome of the Brooklyn Action.  Under the doctrine

of abstention, in certain circumstances "'a District Court may decline to exercise or postpone the

exercise of its jurisdiction.'"  *Colorado River*, 424 U.S. at 813 (quoting *Cnty. of Allegheny v.*

*Frank Mashuda Co.*, 360 U.S. 185, 188–189 (1959)).  The parties agree that any authority the

Court may have to not exercise the "virtually unflagging obligation of the federal courts to

exercise the jurisdiction given them," comes from the *Colorado River* line of cases, which

permits abstention "due to the presence of a concurrent state proceeding for reasons of wise

judicial administration."  *Id.* at 817–18.  Such abstention, however, "is an extraordinary and

narrow exception to the duty of a District Court to adjudicate a controversy properly before it"; it

is justified "only in the exceptional circumstances where the order to the parties to repair to the

state court would clearly serve an important countervailing interest.'"  *Id.* at 813.

---

[2] At argument, defendants acknowledged that they no longer contend that plaintiffs' 10b-5 claim
fails to state a claim, although they still contend that the evidence developed in discovery will
ultimately not substantiate that claim.

The Court, accordingly, considers whether the requirements for *Colorado River* abstention are met.

### A.      Whether the Two Actions are Parallel

"The principles of *Colorado River* are to be applied only in situations involving the contemporaneous exercise of concurrent jurisdictions.  Therefore, a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. Cnty. of Suffolk,* 146 F.3d 113, 117–18 (2d Cir. 1998) (citations omitted).  The Second Circuit has alternatively described two suits as parallel "'when substantially the same parties are contemporaneously litigating substantially the same issue in another forum,'" *id.* at 118 (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)), or when "the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same," *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997).  *See also Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) ("'[P]arallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'") (quoting *In re Comverse Tech., Inc.*, No. 06 Civ. 1849 (NGG)(RER), 2006 WL 3193709, at *2, (E.D.N.Y. Nov. 2, 2006)).

Here, there is a substantial overlap between the two actions.  They involve the same primary parties.  In the Brooklyn Action, plaintiffs are Preferred Fragrance and Ezriel Polatsek, and defendants are Fragrance Holdings and Fragrance Acquisitions; in this action, these parties play the mirror-image roles.  However, this action contains two additional plaintiffs, Uni-World Capital L.P. and Uni-World Capital AIV, L.P., and six additional defendants:  Harry Polatsek and the Preferred Fragrance stockholders who signed the APA, *i.e.*, Sarah Polatsek, Solomon Tyrnauer, Bent Philipson, Benjamin Landa, and Joseph Rubinstein.  But the parties appear to

agree that the primary conduct on which the two cases turn involved the parties common to both

actions, and that the additional parties here could be added to the Brooklyn Action (*i.e.*, they are

within that court's jurisdictional reach).

The two actions also appear to turn on the same, or nearly the same, factual and legal

issues.  As to liability, defendants represented at argument, and plaintiffs did not dispute, that the

claims here are mirror images of those in the Brooklyn Action.  Tr. 10–11.  Plaintiffs conceded

that, if defendants here prevail in the Brooklyn Action, the plaintiffs here who are parties to that

action would be collaterally estopped from pursuing their claims here.  Tr. 26.

To be sure, there is modest dissonance between the two cases as to the relief sought, but

even that dissonance is likely temporary:  Because plaintiffs here have not brought counterclaims

in the Brooklyn Action, that action at present seeks only declaratory relief, whereas this action

seeks damages.  However, plaintiffs here acknowledge that, were this Court to abstain, they

might then bring damages counterclaims in the Brooklyn Action, which would seek damages

equivalent to those sought here.  Tr. 29.  Alternatively, they represented, because such

counterclaims are permissive in New York state court, they might choose to pursue such claims

here if they concluded that this was a preferable forum.  Tr. 27.  Yet even in that situation, given

the parallel liability issues, the damages inquiry would be defined, if not dictated, by the liability

outcome in state court.

The one clear asymmetry between the two actions involves the 10b-5 claim brought here.

Federal courts have exclusive jurisdiction over such claims.  *See* 15 U.S.C. § 78aa(a).  Plaintiffs

argue, with some force, that this action and the Brooklyn Action therefore are not fully parallel

so as to permit abstention.  Pl. Br. 11–15.  This point has case support.  In *Levy v. Lewis*, the

Second Circuit stated that abstention is inappropriate when a federal plaintiff pleads a claim for

which only the federal courts have jurisdiction, because in such cases, "only the federal courts

can provide affirmative relief." 635 F.2d 960, 967 (2d Cir. 1980). If a federal court abstained

from exercising jurisdiction over such a claim, "the right alleged would never be fully

adjudicated." *Id.* The Second Circuit added: "The ability to raise federal claims in state

proceedings has always been a prerequisite to *Younger* abstention, and it is clear as well that

abstention for purposes of judicial economy under *Colorado River* applies only where concurrent

federal-state jurisdiction exists." *Id.* (citations omitted); *see also Andrea Theatres, Inc. v.*

*Theatre Confections, Inc.*, 787 F.2d 59, 62 (2d Cir. 1986) ("abstention is clearly improper when a

federal suit alleges claims within the exclusive jurisdiction of the federal courts").

Defendants counter that the presence of a federal claim uniquely in this Court represents

a formal difference, not a substantive one. They explain that plaintiffs here can obtain complete

relief in the Brooklyn Action if they bring fraud and breach of contract counterclaims there, as

the elements of those causes of action are essentially coterminous with those of a 10b-5 claim.

Tr. 7–8. Defendants distinguish plaintiffs' case authority, noting that, in every case stating that

the presence of a uniquely federal claim precluded abstention, the federal claim added either

potential relief or a cause of action whose elements were not coextensive with those of a state-

law claim. On the other hand, defendants do not cite any affirmative authority for the

proposition they assert—that a court may abstain under *Colorado River* even where there is a

federal claim that can exclusively be brought in federal court, provided that that claim provides

no unique liability standard or relief.

In the end, the Court, although skeptical that the parallelism requirement for *Colorado*

*River* abstention can ever be met where a federal claim can be brought only in the federal forum,

need not resolve that doctrinal issue here. That is because, as explained below, even if this case

and the Brooklyn Action were parallel, abstention would be inappropriate under the multi-factor

*Colorado River* test.  The ensuing discussion, applying those factors, therefore assumes

*arguendo* that the cases are parallel.

### B.        Whether Abstention is Appropriate

 "Abstention from the exercise of federal jurisdiction is the exception, not the rule."

*Colorado River*, 424 U.S. at 813.  "Generally, as between state and federal courts, the rule is that

'the pendency of an action in the state court is no bar to proceedings concerning the same matter

in the Federal court having jurisdiction.'"  *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S.

268, 282 (1910)).  Because of "the virtually unflagging obligation of the federal courts to

exercise the jurisdiction given them . . . [in] the absence of weightier considerations of

constitutional adjudication and state-federal relations, the circumstances permitting the dismissal

of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial

administration are considerably more limited than the circumstances appropriate for abstention."

*Id.* at 817–18.

"To determine whether abstention under *Colorado River* is appropriate, a district court is

required to weigh six factors, 'with the balance heavily weighted in favor of the exercise of

jurisdiction.'"  *Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) (quoting *Moses H.

Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).  These are:

> (1) the assumption of jurisdiction by either court over any res or property;
> (2) the inconvenience of the federal forum;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether state or federal law supplies the rule of decision; and
> (6) whether the state court proceeding will adequately protect the rights of the
> party seeking to invoke federal jurisdiction.

*Id.*

Here, the first two factors weigh against abstention.  This is not an *in rem* action, and neither court has assumed jurisdiction over any *res* or property.  "[T]he absence of a res points toward exercise of federal jurisdiction."  *Id.* at 122 (citations omitted).  Defendants concede this point.  *See* Polatsek Br. 19.  Defendants also rightly concede that this forum presents no real inconvenience.  *Id.*; Tr. 16.  This Court, after all, being located in lower Manhattan, is just several subway stops from state supreme court in Brooklyn; at argument, defense counsel was at a loss to articulate any practical inconvenience presented by this forum.  "Where the federal court is just as convenient as the state court, that factor favors retention of the case in federal court."  *Vill. of Westfield*, 170 F.3d at 122 (citations omitted).

The third factor, avoidance of piecemeal litigation, also weighs against abstention.  In *Colorado River*, the Court permitted abstention because it there served the "clear federal policy" to avoid "piecemeal adjudication of water rights in a river system," which raised "heightened" concerns because of the "highly interdependent" relationships among water rights.  424 U.S. at 819.  This case presents no such problem.  The claims in this and the Brooklyn Action are familiar commercial ones.  And the controversy does not present the situation of a largely indivisible asset, or otherwise demand resolution in a single forum, as did the water rights at issue in *Colorado River*.  In arguing for abstention, defendants merely "maintain[ ] that [they] would have to litigate in both federal and state courts if the district court did not abstain."  *Vill. of Westfield*, 170 F.3d at 122.  But that argument "would eviscerate *Colorado River*, as federal courts consider abstaining under *Colorado River* only in cases where there are concurrent and simultaneous federal and state proceedings.  This factor therefore could not justify the district court's stay."  *Id.*; *see also Colorado River*, 424 U.S. at 817 ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to

10

proceedings concerning the same matter in the Federal court having jurisdiction.'") (quoting *McClellan*, 217 U.S. at 282).

Furthermore, the prospect of piecemeal litigation, if anything, would be increased were this Court to abstain. As defendants acknowledged at argument, Justice Demarest has stated that, should this Court retain jurisdiction, she would likely defer to the proceedings in this forum, meaning that litigation would proceed only in this forum and resolution of the claims here would afford all parties complete relief. Tr. 7–9. Efficiency will therefore be achieved if this Court retains jurisdiction. The same result would likely inhere, too, if the Court abstained, but with one caveat: Piecemeal litigation could conceivably result if plaintiffs here (1) declined to add damages counterclaims in the Brooklyn Action; (2) prevailed there; and (3) exercised their right then to pursue a judgment on their unique federal claim here and, with it, a determination of damages. Tr. 29.

The fourth factor, the order in which jurisdiction was obtained, does not significantly tip the scales. "This factor does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms of how much progress has been made in the two actions.'" *Vill. of Westfield*, 170 F.3d at 122 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21). "In addition, where there has been limited progress in a state court suit, 'the fact that the state action was commenced before the federal suit carries little weight.'" *Id.* (quoting *Andrea Theatres, Inc.*, 787 F.2d at 64). Here, the Brooklyn Action was filed first. But it was, to some degree, anticipatory of the damages action filed here. And there has been little progress in the Brooklyn Action, because Justice Demarest wisely stayed discovery pending the disposition of the instant motion. *See* Pl. Br. 8. That the Brooklyn Action defendants have filed an answer, whereas defendants here have not, is of little consequence. And the parties appear to agree that, despite the state case's slight

11

head start, as a result of the typically brisk pace of federal proceedings and the reality of the

workload of state court system, litigation in this forum is apt to be completed at least as quickly

as in state court.  Tr. 28, 35.

The fifth factor, whether state or federal law provides the rule of decision on the merits,

does not tip the scales either way.  This case involves claims under both state and federal law,

and the parties agree that the elements of the underlying causes of action are effectively

coextensive.

The sixth factor is the only one that counsels at all for abstention.  This Court is confident

that, were the Brooklyn Action to go forward, "the state court proceeding will adequately protect

the rights of the party seeking to invoke federal jurisdiction."  *Vill. of Westfield*, 170 F.3d at 121.

The courts of New York State are well-respected and well-versed in the causes of action brought

there.

Considering the relevant factors holistically, they do not favor abstention, let alone to

such a degree as to overcome the heavy presumption in favor of exercising federal jurisdiction.

Quite the contrary, what struck the Court at argument was how insubstantial the practical

arguments were favoring abstention.  Defendants conceded that—with or without abstention—

the case would almost certainly be litigated in a single forum; that the federal forum was equally

up to the task of litigating the claims at issue; that the federal forum is not inconvenient for any

party or counsel; and that resolution of the claims that can be brought in this forum would afford

all parties complete relief.  Tr. 9–18.

Given these concessions, the high standard for abstention is not met here, nor is it even

close to being met.  The Court's "task under *Colorado River* is not to determine whether there is

some substantial reason for the exercise of federal jurisdiction; rather, we must ascertain whether

some substantial reason for the exercise of federal jurisdiction; rather, we must ascertain whether there exist exceptional circumstances that justify the surrender of federal court jurisdiction." *Vill. of Westfield*, 170 F.3d at 124. Defendants have not shown such exceptional circumstances. Thus, this Court "ha[s] no discretion to abdicate federal jurisdiction." *Id.* at 124–25. Defendants' motions for a dismissal or stay is therefore denied.

In so holding, the Court wishes to express its appreciation to Justice Demarest, for the pragmatic approach that she has indicated she would take with respect to the Brooklyn Action in the event this Court did not abstain. The Court has deep respect for its sister court. Today's holding reflects nothing more than an application of the daunting standard for federal abstention to the facts at hand.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 34 and 37. As announced at the conclusion of argument on these motions, the Court will hold an initial pretrial conference with the parties on April 18, 2014, at 3:30 p.m. The Court will issue a separate order regarding that conference.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: March 6, 2014
       New York, New York