UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                               :

UNI-WORLD CAPITAL L.P., UNI-WORLD CAPITAL  :
AIV, L.P, FRAGRANCE HOLDINGS, LLC and     :        13 Civ. 7204 (PAE)
FRAGRANCE ACQUISITIONS, LLC,            :

                                Plaintiffs,    :        OPINION & ORDER

                                         :

                  -v-               :

                                         :

PREFERRED FRAGRANCE, INC., HARRY        :
POLATSEK, EZRIEL POLATSEK, SARAH       :
POLATSEK, SOLOMON TYRNAUER,           :
BENT PHILIPSON, BENJAMIN LANDA,       :
and JOSEPH RUBINSTEIN,               :

                                Defendants.   :

                                         :
------------------------------------------------------------------------ X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: __8/20/2014__

PAUL A. ENGELMAYER, District Judge:

    The Court has received a motion (Dkt. 184) and supporting memorandum of law (Dkt.

185) ("Recon. Mem.") by defendant Preferred Fragrance, Inc. ("Preferred").  Preferred asks the

Court to reconsider its August 8, 2014 decision (Dkt. 181) ("MTD Decision") denying

defendants' late-made motion to dismiss plaintiffs' sole federal claim, brought under the

Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78j(b), and the Securities

and Exchange Commission's implementing rule, 17 C.F.R. § 240.10b-5 ("Rule 10b-5").  For two

independent reasons, the motion for reconsideration is denied.

    First, the motion fails to meet the standard governing motions for reconsideration under

S.D.N.Y. Local Civil Rule 6.3.  As explained in this Court's previous decision, MTD Decision at

21, that standard "is strict, and reconsideration will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked—matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.").  Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

Here, Preferred's motion largely consists of an argument that the Court failed to follow the Second Circuit's decisions in *Fiero v. FINRA*, 660 F.3d 569 (2d Cir. 2011), and *Southern New England Telephone Co. v. Global Naps, Inc.* 624 F.3d 123 (2d Cir. 2010).  This Court, however, explicitly addressed *Fiero* in its decision denying the motion to dismiss.  *Fiero* held that the Financial Industry Regulatory Authority (FINRA) lacks authority under the federal securities laws to enforce its own fines.  660 F.3d at 577.  This court found *Fiero* inapposite to the issue presented by the pleadings here.  *See* MTD Decision at 20.  And the portion of *Southern New England Telephone* which the motion for reconsideration cites stands for no more than that (1)"[f]ederal courts are courts of limited jurisdiction," (2) "the jurisdictional inquiry 'depends entirely on the allegations in the Complaint,'" and (3) where the claim as stated in the Complaint arises under the Constitution or laws of the United States, "'the district court has subject matter jurisdiction unless the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction 'or is 'wholly insubstantial and frivolous.'"  *See* 624 F.3d at

132 (citations omitted). Those familiar propositions are, of course, uncontroverted. The MTD Decision is in no way in tension with them.

Second, the motion fails on the merits. In its decision denying the motion to dismiss, the Court carefully applied the elements of a Rule 10b-5 claim to the factual allegations in the First Amended Complaint. *See* MTD Decision 11–20. The Court ultimately concluded that the First Amended Complaint stated a federal claim, while noting that one element, the existence of a "security," presented a close question on the pleadings and that fact discovery potentially may undermine plaintiffs' claim on this point and provide fodder for a summary judgment motion. *Id.* at 13–14.

Preferred's motion for reconsideration, strikingly, makes no attempt to engage with the Court's analysis in the MTD Decision, which is keyed to the specific allegations in the First Amended Complaint. Instead, Preferred's unhelpful polemic (1) reiterates the principles of limited federal jurisdiction recited above, *see* Recon. Mem. at 2; (2) notes that state courts are available to address state-law claims such as plaintiffs' claim for breach of contract, *id.*, and (3) accuses this Court of lawlessness, including having "*overlook[ed] all U.S. Supreme Court decisions and all Circuit Court opinions*," *id.* at 5 (emphasis in original).

But these points do not supply a basis for reconsidering, let alone changing, the analysis underlying the Court's decision sustaining the Rule 10b-5 claim.

First, the principles of limited federal jurisdiction are undisputed. Indeed, the Court applied them in carefully probing whether the First Amended Complaint stated a federal claim. *See* MTD Decision 11–20.

Second, the issue at hand is not whether a state-court forum was available to plaintiffs. It is whether plaintiffs' federal claim as pled is cognizable, so as to justify exercising federal

3

jurisdiction over this case. As *Southern New England Telephone*, on which Preferred relies, holds: "'The inadequacy of a federal claim is ground for dismissal for lack of subject-matter jurisdiction *only* when the claim is *so* insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" 624 F.3d at 133 (quoting *In re Stock Exchs. Options Trading Antitrust Litig.*, 317 F.3d 134, 150 (2d Cir. 2003)); *see also, e.g., Oneida Indian Nation of N. Y. State v. Oneida Cnty.*, 414 U.S. 661, 666 (1974); *Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, Inc.*, 557 F. App'x 53, 55 (2d Cir. 2014). Although plaintiffs "cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists," *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005), *aff'd*, 547 U.S. 677, subject matter jurisdiction exists unless an alleged cause of action is "patently without merit," *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (quoting *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978)).

In denouncing the decision denying the motion to dismiss, Preferred makes no effort whatsoever to show how plaintiffs' 10b-5 claim is deficient under *Southern New England Telephone*. Indeed, beyond stating its conclusory view that the case law that the lower courts have developed to apply the statutory requirement of a "security" in the context of transactions involving membership interests in an LLC is wrongheaded, Preferred fails entirely to explain why this is so. If, as Preferred laments, "[t]his civil action has lost its way," Recon. Mem. at 6, it is not for want of federal jurisdiction, at least based on the pleadings.

Finally, Preferred denounces this Court. It claims that the Court is "ignor[ant]" of "the relevant landmark opinions of the U.S. Supreme Court of the past century." *Id.* at 4. And it predicts that should the case "persist[]" in federal court, the Second Circuit will act to "spare

Article III of our Constitution from neglect, abuse and misinterpretation" and to "preserve Article III as it was drafted by Madison and Hamilton." *Id.* at 5. The Court elects not to rise to this bait. Suffice it to say that the Court is confident that its application of the elements of a Rule 10b-5 claim to the specific allegations in the First Amended Complaint in this case was correct, and in any event, that the decision here will not undermine the important work of the Founders. To the extent counsel believe otherwise, they are at liberty to pursue all available appellate remedies.

Preferred's motion for reconsideration is, therefore, denied. The Clerk of Court is directed to terminate the motion pending at docket number 184.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 20, 2014
New York, New York